UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DEBORAH G. MATHIS,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:04CV806-DJS |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

On September 17, 2002, plaintiff Deborah G. Mathis applied for Supplemental Security Income (SSI) pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1382, *et seq.*, claiming that she had been disabled. On October 11, 2002, plaintiff also applied for Disability Insurance Benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, claiming that she had been disabled. Plaintiff claims that she suffers from a herniated cervical disc with nerve damage, headaches and depression. Her applications were denied on initial consideration by the Social Security Administration and plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ, after a hearing, denied plaintiff's claims for benefits. Plaintiff's request for a review before the Appeals Council was denied on May 24, 2004. Therefore, the ALJ's determination stands as the final decision of the Commissioner. 42 U.S.C. § 405(g).

Plaintiff filed this action challenging the decision of the Commissioner on September 9, 2004, and the matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C § 636(b)(1). The Magistrate Judge issued his Report and Recommendation (R&R) on August 3, 2005, recommending that the final decisions of the Commissioner denying social security benefits be affirmed. This matter now comes before the Court on plaintiff's objections to the Magistrate Judge's R&R.

The Court, pursuant to 28 U.S.C. § 636(b), reviews de novo those portions of the report and recommendation to which objections are made. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). In this case, plaintiff has made one objection to the report and recommendation. Plaintiff contends that the ALJ failed to examine the side effects of the plaintiff's medications—one of the Polaski factors. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

The scope of the Court's review of the final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The Commissioner's decision is conclusive if supported by substantial evidence on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401 (1971); Eichelberger v. Barnhart, 390 F.3d 584, 589 (8th Cir. 2005). Substantial evidence on the record as a whole is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support the conclusion. Guilliams v.

2

Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). In making this determination, the Court will consider the entire record, including the evidence that supports the ALJ's decision as well as evidence that detracts from it. Id. However, the Court will not reverse merely because substantial evidence may support a different outcome, so long as substantial evidence exists to support the ALJ's decision. Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004).

## Discussion

After reviewing the entire record, as well as the plaintiff's objections, the Court has found that substantial evidence, on the record as a whole, does support the decision of the ALJ and that plaintiff's objections to the report and recommendation of the Magistrate Judge should be overruled. Further analysis of the issues raised by plaintiff's objections follows.

The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform a significant range of light work. (Tr. 16) An RFC assessment is a determination of "what a claimant can do despite her limitations, and it must be determined on the basis of all relevant evidence." Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001). Plaintiff contends that the ALJ's RFC assessment was incomplete because there is no evidence that the ALJ examined the Polaski consideration related to side effects of medications.

3

The ALJ did properly recognize and consider the Polaski factors (Tr. 13-14), and then proceeded to dismiss the plaintiff's subjective complaints. "The ALJ need not explicitly discuss each *Polaski* factor. The ALJ only need acknowledge and consider those factors before discounting a claimant's subjective complaints." Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004).

The ALJ found the plaintiff lacked credibility by noting several inconsistencies in plaintiff's testimony. "The ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard." Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002). "In rejecting a claimaint's complaints of pain as not credible, we expect an ALJ to 'detail the reasons for discrediting the testimony and set forth the inconsistencies found.'" Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005)(quoting Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003)).

The ALJ discussed how plaintiff claimed to be unable to walk a block and a half at a time, but testified that she grocery shops on a weekly basis, among other things. (Tr. 15) The ALJ also noted inconsistencies with plaintiff's assertion that she was unable to sit for prolonged periods. (Tr. 15-16, 242-43) In an examination a month and a half after the hearing, Dr. Brenner noted that plaintiff did not have any difficulty sitting during long a examination. (Tr. 135, 151)

4

Additionally, inconsistencies between a plaintiff's testimony at a hearing and statements to treating physicians weigh against the plaintiff's credibility. See Johnston v. Shalala, 42 F.3d 448, 451 (8th Cir. 1994). Plaintiff testified that she experienced side effects of "drowsiness, dizziness and sometimes a spurt of energy" while taking Vicodin and Fioricet. (Tr. 241) Plaintiff also reported the need to lie down three to four times a day due to her medications. (Tr. 243) Dr. Enkvetchakul examined plaintiff while plaintiff was taking the same medications. (Tr. 152) Plaintiff did not report to Dr. Enkvetchakul the need to lie down, nor did plaintiff report that the medications made her drowsy. (Tr. 150-154)

Plaintiff argues that Elavil, plaintiff's anti-depressant medication, also causes drowsiness. Here again, the evidence in the record contradicts this allegation. While taking Fioricet and Elavil, plaintiff was asked what the side effects of her medications were on a claimant questionnaire from the Division of Vocational Rehabilitation - Disability Determinations. Plaintiff reported "when first waking up [I] am groggy but [it] wears off in about 15-30 minutes depending on how much sleep I get at night." (Tr. 112) Plaintiff did not mention needing to lie down three to four times a day. Plaintiff also did not mention being groggy during the day. During another examination, plaintiff reported

5

that the medications made her tired, but later in the exam stated that she also had adequate energy. (Tr. 134)

The Court recognizes that some of plaintiff's medications may cause drowsiness and sedation in some patients. However, plaintiff's testimony as to the side effects does not correspond with what she has been reporting to her doctors. Substantial evidence supports the ALJ's finding that plaintiff is not credible. The ALJ properly acknowledged the side effects of medication as a factor and dismissed plaintiff's sporadic reports of side effects. Thus, it appears that the ALJ's RFC assessment was complete. Plaintiff's objections regarding the examination of the side effects of plaintiff's medication will be overruled.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's objections to the report and recommendation of the United States Magistrate Judge [Doc. #19] are overruled.

**IT IS FURTHER ORDERED** that the Magistrate Judge's report and recommendation [Doc. #18] is accepted and adopted.

Dated this ___6th___ day of September, 2005.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE